IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TOVORRIS LESHAWN FREEMAN, ) <br> AIS, #219083, ) <br> ) <br>     Plaintiff, ) <br> ) <br>  v. ) <br> ) <br> MONICA McCOY, et al., ) <br> ) <br>     Defendants. ) | CIVIL ACTION NO. 2:20-CV-621-ECM <br> (WO) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Tovorris Leshawn Freeman, an indigent state inmate. In the instant complaint, Freeman challenges conditions at Easterling Correctional Facility relating to the COVID-19 pandemic. Doc. 1 at 2–3.

The defendants filed a special report supported by relevant evidentiary materials, including properly sworn declarations and other applicable documents, in which they address the claims for relief presented by Freeman. Specifically, the defendants deny violating Freeman's constitutional rights with respect to the conditions at issue in this case.

Upon review of the defendants' report and supporting evidentiary materials, the court entered an order directing Freeman to file a response to the defendants' written report. Doc. 15. The order advised Freeman his failure to respond to the report would be treated by the court "**as an abandonment of the claims set forth in the complaint and as a**

**failure to prosecute this action**." Doc. 15 at 1 (emphasis in original).  Additionally, the order "**specifically cautioned [Freeman] that [his failure] to file a response in compliance with the directives of this order**" would result in a Recommendation by the undersigned for dismissal of this civil action.  Doc. 15 at 1 (emphasis in original).  Freeman received an extension of time to respond to this order and his time allotted for filing a response in compliance with the order therefore expired on February 6, 2021.  Doc. 17.  As of the present date, Freeman has failed to file a response in opposition to the defendants' written report.  In light of Freeman's failure to file a response as required, the court finds that this case should be dismissed.

The undersigned has reviewed the file to determine whether a less drastic measure than dismissal is appropriate.  *See Abreu-Velez v. Board of Regents of Univ. System of Georgia*, 248 F. App'x 116, 117–18 (11th Cir. 2007).  After this review, it is clear that dismissal of this case is the proper course of action.  Freeman is an indigent inmate; thus, the imposition of monetary or other punitive sanctions against him would be ineffectual.  Additionally, his inaction in the face of the defendants' report and this court's order suggests a loss of interest in the continued prosecution of this case.  Finally, it also appears that any additional effort by this court to secure Freeman's compliance would be unavailing and a waste of this court's scarce judicial resources.  Consequently, the undersigned concludes that the abandonment of this case by Freeman and his failure to comply with an order of this court warrant dismissal.  *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir. 1989) (holding that, generally, where a litigant has been forewarned dismissal for failure

to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice.

On or before **April 6, 2021** the parties may file objections to the Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered.

Failure to file written objections to the proposed findings and legal conclusions set forth in the Recommendations of the Magistrate Judge shall bar a party from a *de novo* determination by the District Court of these factual findings and legal conclusions and shall "waive the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*,

996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, on this the 22nd day of March, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge